William E. Thomson (SBN47195)
wthomson@brookskushman.com
BROOKS KUSHMAN P.C.
601 S. Figueroa St., Suite 2080
Los Angeles, CA 90017-5726
Tel.: (213) 622-3003 / Fax: (213) 622-3053

Mark A. Cantor (To Be Admitted *Pro Hac Vice*)
mcantor@brookskushman.com
John S. Le Roy (To Be Admitted *Pro Hac Vice*)
jleroy@brookskushman.com
Marc Lorelli (To Be Admitted *Pro Hac Vice*)
mlorelli@brookskushman.com
John P. Rondini (To Be Admitted *Pro Hac Vice*)
jrondini@brookskushman.com
Mark A. Jotanovic (To Be Admitted *Pro Hac Vice*)
mjotanovic@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel.: (248) 358-4400 / Fax: (248) 358-3351

*Attorneys for Plaintiff Ancora Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

|  |  |
|---|---|
| ANCORA TECHNOLOGIES, INC. | Case No. _____ |
| Plaintiff, | |
| v. | |
| | **COMPLAINT** |
| APPLE, INC., | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, ANCORA TECHNOLOGIES, INC. ("Ancora"), for its Complaint against Apple, Inc. herein, states as follows:

## I.    THE PARTIES

1.    Plaintiff, Ancora Technologies, Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 23977 S.E. 10th Street, Sammarnish, Washington, 98075.

2.    Upon information and belief, defendant Apple, Inc. ("Apple") is a corporation organized and existing under the laws of the State of California and having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## II.    JURISDICTION

3.    This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.

4.    The subject matter jurisdiction for this Court is founded upon 28 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question).

5.    Apple regularly and continuously engages in substantial sales and other business transactions in the Northern District of California, and has designed, developed, and committed infringing acts in this district.  The United States District Court for the Northern District of California therefore has *in personam* jurisdiction over Apple.

## III.    BACKGROUND

6.    On June 25, 2002, U.S. Patent No. 6,411,941 ("the '941 patent") entitled "Method Of Restricting Software Operation Within A License Limitation" was duly and legally issued. (See Exhibit A, U.S. Patent No. 6,411,941.) A reexamination certificate also issued to the '941

Patent on June 1, 2010 where the patentability of all claims was confirmed by the United States Patent Office. (Exhibit B, Ex Parte Reexamination Certificate Issued Under 35 U.S.C. § 307.)

7.    Ancora is the owner of all right, title and interest in the '941 patent.

## IV.    RELATED CASE

8.    Ancora and Apple are currently involved in a patent infringement action in this District before Honorable Yvonne Gonzalez Rogers in Case No. 4:11-cv-06357 ("*Ancora I*"). *Ancora I* involves the same Ancora patent asserted against Apple in this case, U.S. Patent No. 6,411,941.   *Ancora I* is directed to the iOS5 operating system.   (Case No. 4:11-cv-06357, Dkt. No. 166 at 2.)

## V.    COUNT I – PATENT INFRINGEMENT

9.    Ancora realleges the preceding paragraphs as set forth fully herein.

10.    On information and belief, Apple installs an APTicket in a "firmware" partition of the Flash storage during the manufacture, update and restore of Apple devices running  iOS 6 and later, as well as the Apple Watch running the Watch OS (collectively "Accused Devices").

11.    On information and belief, the firmware partition includes data and instructions for performing essential startup operations, for performing hardware tests, for starting the operating system, and for supporting the transfer of data among hardware devices.  For example, and without limitation, the firmware partition includes the APTicket, iBoot and the device tree for performing these functions.

12.    On information and belief, the APTicket for Accused Devices includes a hash for verifying the iOS operating system each time the Accused Devices are booted.   This is a component of Apple's "Secure Boot Process."

13.    Accused Devices include, but are not limited to, the iPad, iPod, iPhone, AppleTV running iOS 6+ and the Apple Watch running Watch OS.

14.     For at least the updates and restore of the Accused Devices that Apple performs in the United States, Apple infringes at least claim 1 of U.S. Patent No. 6,411,941.

15.     Apple has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, import and sell in the United States products and/or processes which infringe the '941 patent.  Apple restricts software operation through use of certain of its devices that include an operating system, including but not limited to, the Accused Devices.

16.     Ancora has suffered damages as a result of the infringing activities of Apple, and will continue to suffer such damage as long as those infringing activities continue.

17.     Because Apple has been aware of the '941 patent and the Federal Circuit's March 3, 2014 Opinion in *Ancora I*, Apple's infringement has been and continues to be willful.

## VI.     DEMAND FOR RELIEF

Accordingly, Ancora respectfully demands that this Court enter judgment:

B.     Award Ancora its damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

C.     Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Ancora its reasonable attorney's fees and costs and disbursements in this action; and

D.     Granting to Ancora such other and further relief as this Court deems reasonable.

## VII.   DEMAND FOR JURY TRIAL

Ancora respectfully demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.


Dated:  August 11, 2015                          Respectfully submitted,

                                                 By: /s/ William E. Thomson, Jr.
                                                 William E. Thomson (SBN47195)
                                                 wthomson@brookskushman.com
                                                 BROOKS KUSHMAN P.C.
                                                 601 S. Figueroa St., Suite 2080
                                                 Los Angeles, CA  90017-5726
                                                 Tel.:  (213) 622-3003  /  Fax:  (213) 622-3053

                                                 Mark A. Cantor (To Be Admitted *Pro Hac Vice*)
                                                 mcantor@brookskushman.com
                                                 John S. Le Roy (To Be Admitted *Pro Hac Vice*)
                                                 jleroy@brookskushman.com
                                                 Marc Lorelli (To Be Admitted *Pro Hac Vice*)
                                                 mlorelli@brookskushman.com
                                                 John P. Rondini (To Be Admitted *Pro Hac Vice*)
                                                 jrondini@brookskushman.com
                                                 Mark A. Jotanovic (To Be Admitted *Pro Hac Vice*)
                                                 mjotanovic@brookskushman.com
                                                 BROOKS KUSHMAN P.C.
                                                 1000 Town Center, Twenty-Second Floor
                                                 Southfield, MI  48075
                                                 Tel.:  (248) 358-4400  /  Fax:  (248) 358-3351

                                                 *Attorneys for Plaintiff Ancora Technologies, Inc.*